IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. FLYNN and ) | |
| KAREN FLYNN, ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. 3:14-43 |
| v. ) | |
| ) | JUDGE KIM R. GIBSON |
| HOVENSA, LLC, HESS CORP., ) | |
| HESS OIL VIRGIN ISLANDS CORP., ) | |
| and PDVSA, V.I. INC. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.      Introduction**

Pending before the Court is a motion to dismiss for lack of personal jurisdiction filed by Defendants Hovensa, Hess Corporation ("Hess"), Hess Oil Virgin Islands Corporation ("HOVIC"), and PDVSA, V.I. Inc. (ECF No. 10). In response, Plaintiffs filed an omnibus motion requesting that the Court: (1) permit limited jurisdictional discovery; (2) stay Defendants' motion to dismiss; and (3) refer the matter to a magistrate judge for mediation. (ECF No. 13). For the reasons explained below, this Court does not have personal jurisdiction over the Defendants and will therefore transfer this case to the United States District Court of the Virgin Islands.

**II.     Background**

**A.      Facts**

This case arises from a personal injury sustained by Plaintiff Edward Flynn while he was patrolling the premises of Defendant Hovensa's oil refinery in St. Croix, Virgin

Islands. (ECF No. 1, ¶¶ 8-9). Edward—an independent subcontractor—alleges that, on March 13, 2012, he fell down a flight of stairs at the Hovensa facility and sustained serious injury to his lower left leg. (*Id.* ¶ 10). Edward contends that the accident occurred in a poorly lit area of the facility and that he was not given a flashlight even after requesting one. (*Id.* ¶¶ 10-14). Edward asserts a negligence claim against the four Defendants. (*Id.* ¶ 34). Plaintiff Karen Flynn asserts a loss of consortium claim for the injury sustained by her husband, Edward. (*Id.* ¶ 37).

### B. Procedural Background

Defendants Hovensa, Hess, HOVIC, and PDVSA filed a motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction on May 1, 2014. (ECF No. 10). Defendants attached as exhibits to their motion affidavits from officials at each of the Defendant companies. (ECF Nos. 10-3, 10-4, 10-5, and 10-6). Plaintiffs did not file a response to Defendants' motion to dismiss, but instead filed an omnibus motion on May 15, 2014, requesting that the Court: (1) permit limited discovery on the issue of jurisdiction; (2) stay Defendants' motion to dismiss; and (3) refer the matter to a magistrate judge for mediation. (ECF No. 13).

The Court will construe this omnibus motion as including a motion to transfer venue. (*See id.* ¶ 15). Plaintiffs contend, in relevant part, that if the Court finds that it lacks jurisdiction, it should transfer the case to the United States District Court of the Virgin Islands instead of dismissing the case. (*Id.*). Defendants filed a response in opposition to Plaintiffs' omnibus motion, explaining that Defendants Hovensa, HOVIC,

2

and PDVSA "will not oppose the Plaintiffs' requested transfer to the United States District Court for the Virgin Islands," but that Defendant Hess "opposes any disposition other than absolute dismissal." (ECF No. 14, ¶ 15).

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek dismissal of a complaint or any portion of a complaint for lack of personal jurisdiction over the defendant. In ruling on a Rule 12(b)(2) motion, "a court must accept the plaintiff's allegations as true and draw in the plaintiff's favor all reasonable inferences supported by the well-pleaded factual allegations." *Arrington v. Colortyme, Inc.*, 972 F. Supp. 2d 733, 739 (W.D. Pa. 2013) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 151 n.1 (3d Cir. 1992)). The court need not limit the scope of its review to the pleadings and instead must consider affidavits and other competent evidence submitted by the parties. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603–04 (3d Cir. 1990); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the defendant raises a question of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Metcalfe v. Renaissance Marine Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

### IV. Discussion

A district court sitting in Pennsylvania has personal jurisdiction over the parties to the extent provided under Pennsylvania law. Fed. R. Civ. P. 4(k)(1)(A). The Pennsylvania

long-arm statute permits jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322. Therefore, the test for determining whether personal jurisdiction exists is whether, under the due process clause of the Fourteenth Amendment, the defendant has "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

A court can obtain personal jurisdiction over a defendant through either general jurisdiction or specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). Specific personal jurisdiction arises when the plaintiff's "claim is related to or arises out of the defendant's contacts with the forum." *Mellon Bank (East) PSFS Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) (quoting *Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 211 (3d Cir. 1984)). General jurisdiction is found where a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). A corporate defendant is "at home" where it is incorporated and where it has its principal place of business. *Goodyear*, 131 S. Ct. at 2854. A corporation's principal place of business is its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's

officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

### A. Specific Jurisdiction

"Specific jurisdiction exists when the plaintiff establishes the existence of minimum contacts between the defendant and the forum state." *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 211 (3d Cir. 2013). The specific jurisdiction test includes three steps. *Id.* A court must first determine whether the defendant "purposefully directed its activities" at the forum. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the court must determine if the litigation "arise[s] out of or relate[s]" to at least one of those activities. *Id.* (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Finally—and only if the first two requirements are met—a court may consider whether the exercise of jurisdiction would "comport with fair play and substantial justice." *Id.* (quoting *Burger King*, 471 U.S. at 476).

Here, Plaintiffs have not alleged sufficient minimum contacts with this forum, and thus have not alleged that the Court can exercise specific jurisdiction. Regarding Defendant Hovensa, Plaintiffs allege that Edward entered into a contract with Defendant Hovensa in the Western District of Pennsylvania for the job in the U.S. Virgin Islands. (ECF No. 1, ¶ 26). However, this contract alone is not enough to establish specific jurisdiction over Defendant Hovensa.

> If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.

5

> Instead, we have emphasized the need for a 'highly realistic' approach that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.' . . . It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Burger King,* 471 U.S. at 479 (1985) (quoting *Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 316 (1943)). Thus, because Plaintiffs have not alleged any purposeful contacts beyond this contract, Plaintiffs have not shown that this Court may exercise specific jurisdiction over Defendant Hovensa.

Next, regarding Defendant Hess, Plaintiffs allege that it operates local convenience stores in the state of Pennsylvania. However, Plaintiffs' claim arises out of contacts within the Virgin Islands, not in any of the Pennsylvania convenience stores operated by Defendant Hess. Because the contacts that form the basis for this case are Virgin Island contacts, they cannot serve as a basis for specific jurisdiction over Defendant Hess in Pennsylvania.

Finally, regarding Defendants HOVIC and PDVSA, Plaintiffs do not allege any contacts between those Defendants and the forum state that could support the exercise of specific jurisdiction. In sum, the requirements of specific jurisdiction have not been met regarding any of the Defendants. Accordingly this Court's personal jurisdiction over Defendants must be based on general jurisdiction.

B.   **General Jurisdiction**

Plaintiffs' Complaint alleges, "The Western District of Pennsylvania has personal jurisdiction over Defendants as Defendants solicit, transact, and are doing business within the Commonwealth of Pennsylvania and, in Pittsburgh, Allegheny County, Pennsylvania." (ECF No. 1 ¶ 25). In *Daimler AG v. Bauman*, the Supreme Court rejected the plaintiffs' request to "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" because that approach would be "unacceptably grasping." 134 S. Ct. 746, 761 (2014). The corporation in *Daimler*—which conducted business worldwide—was incorporated in Delaware and had its principal place of business in New Jersey. *Id.* at 751–52. One of its subsidiary companies distributed vehicles and established regional facilities in California. *Id.* Despite these business contacts, the Supreme Court held that the district court lacked personal jurisdiction over the parent company. *Id.* Thus, *Daimler* makes clear that, for a court to exercise general jurisdiction over a foreign corporation, the corporation must be essentially "at home" in the forum. *Id.* at 761.

Likewise, in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court concluded that the district court did not have general jurisdiction over the defendant, finding that, because the company's "subsidiaries were in no sense at home" in the forum, "those subsidiaries could not be required to submit to the general jurisdiction of that State's courts." 131 S. Ct. at 2857 (internal quotations omitted). *See also Sonera Holding B.V. v. Cukurova Holding A.S.*, 2014 WL 1645255, at *4 (2nd Cir. Apr. 25, 2014) (noting that

7

*Daimler* makes it "clear that even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum"); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, No. 13–3005, 2014 WL 1849269, at *3 (7th Cir. May 9, 2014) ("In *Daimler*, the Court confirmed its adherence to the distinction between 'general jurisdiction' and 'specific jurisdiction.' The former is proper only in the limited number of fora in which the defendant can be said to be 'at home.'"); *Krishanti v. Rajaratnam*, No. 2:09–cv–05395, 2014 WL 1669873, at *7 (D.N.J. Apr. 28, 2014) ("It is clear from *Daimler* that the physical presence of a corporation in a state does not necessarily render the corporation 'at home' in that state.").

The Court will apply the general jurisdiction test to each individual Defendant.

### 1. Defendant Hess Corporation

Defendant Hess is incorporated in Delaware and has its principal place of business in New York. ([ECF No. 10-3, ¶ 3](#)). Defendant Hess is the only Defendant with any contact with the state of Pennsylvania. It is the owner or lessee of several convenience stores in the state; however, none are in the Western District. ([ECF No. 10-3, ¶ 4-5](#)). The ownership of retail stores is not enough to meet the general jurisdiction standard set forth in *Daimler*. *See Daimler*, 134 S. Ct. at 751–52 (explaining that regional offices are not enough to consider a corporation "at home" in a forum in which it does not have its principal place of business or place of incorporation). Therefore, even if Defendant Hess engaged in substantial business in Pennsylvania, the Court could not exercise personal jurisdiction over it. *See also Sonera Holding*, 2014 WL 1645255, at *4. Because Plaintiffs have failed to

8

meet the standard set forth in *Daimler* by showing that Defendant Hess is "at home" in Pennsylvania, the Court cannot exercise general personal jurisdiction over Hess.

### 2. Defendants Hovensa, HOVIC, and PDVSA

Defendant Hovensa has its principal place of business in and was formed in the U.S. Virgin Islands. (ECF No. 10-6, ¶ 3). Defendant HOVIC—a subsidiary of Defendant Hess—operates an oil refinery in the U.S. Virgin Islands, is incorporated in Delaware, and has its principal place of business in New York. (ECF No. 10-4, ¶ 3). Defendant PDVSA is a subsidiary of Petroleos de Venezuela, S.A. (ECF No. 10-5, ¶ 3). It is incorporated and has its principal place of business in the U.S. Virgin Islands. (*Id.*). None of these companies are incorporated or have their principal place of business in Pennsylvania. Nowhere in the Complaint do Plaintiffs allege that Defendants Hovensa, HOVIC, or PDVSA engage in any business in Pennsylvania. Furthermore, the Defendants' affidavits establish that these corporations do not conduct any business in Pennsylvania.

Plaintiffs have simply alleged an "interrelationship" between all Defendants as a basis for jurisdiction over them. (ECF No. 1, ¶ 6). However, it is now well established that a subsidiary company cannot be subject to personal jurisdiction without itself being essentially "at home" in the forum. *See Daimler*, 134 S. Ct. at 751–52; *Goodyear*, 131 S. Ct. at 2857. Thus, even if the Court could exercise jurisdiction over Hess—HOVIC's parent company—it could not automatically exercise jurisdiction over HOVIC because Plaintiffs have not alleged that HOVIC is "at home" in Pennsylvania. Similarly, the *Daimler* Court rejected the use of the "agency" theory to exercise general personal jurisdiction over a

9

foreign corporation based on unrelated contacts of its subsidiary. *Daimler*, 143 S. Ct. at 759. Here, Plaintiffs have failed to allege that PDVSA is "at home" in Pennsylvania; they only allege that PDVSA owns 50% of Hovensa, which is an insufficient basis for jurisdiction.

Even if the Court could exercise jurisdiction over Hovensa, Plaintiffs would still need to show that PDVSA itself is "at home" in Pennsylvania to establish personal jurisdiction over PDVSA. Plaintiffs cannot simply group all of Defendants together as the "HOVENSA DEFENDANTS" for the purpose of establishing personal jurisdiction. *See Daimler*, 143 S. Ct. at 752 (applying the personal jurisdiction analysis individually to each corporation even though a parent-subsidiary relationship existed). Plaintiffs have failed to show that Defendant Hovensa, Defendant HOVIC, or Defendant PDVSA is each individually "at home" in Pennsylvania to invoke the Court's general jurisdiction.

### C. Transfer

For the reasons explained above, Plaintiffs have failed to sufficiently establish that this Court has personal jurisdiction over the Defendants to satisfy a Rule 12(b)(2) challenge. This Court cannot exercise personal jurisdiction over any of the Defendants in this case. However, the Court will deny Defendants' motion to dismiss. Instead, the Court will transfer the action to the proper forum. *See Highmark v. Allcare Health Management Sys. Inc.*, 304 F. Supp. 2d 663, 666-67 (W.D. Pa. 2003).

> The language of [28 U.S.C. § 1406(a)] is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not. . . . Congress, by the

enactment of [28 U.S.C. § 1406(a)] recognized that the 'interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (emphasizing that § 1406 transfer is designed to preserve claims that would be barred under the rules of dismissal); *United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964) (holding that transfer was available even though there was no personal jurisdiction).

Here, Plaintiffs request that, if this Court concludes that it lacks personal jurisdiction, the Court should transfer the case to the District Court of the Virgin Islands. (ECF No. 13, ¶ 15). Defendants Hovensa, HOVIC, and PDVSA do not oppose the transfer, while Defendant Hess opposes jurisdiction in either court. (ECF No. 14, ¶ 15). Based on the affidavits submitted by the Defendant companies, the location of the events giving rise to the claim, and the location of the Defendant companies' places of incorporation and principal places of business, it appears that the United States District Court of the Virgin Islands is the proper forum for this litigation. Whether all of the Defendants are subject to personal jurisdiction in the U.S. District Court of the Virgin Islands is a determination for that court. Construing the relevant portion of Plaintiffs' omnibus motion as a motion to transfer, the Court will transfer this case to the United States District Court of the Virgin Islands pursuant to 28 U.S.C. § 1406(a).

## V.     Conclusion

For the reasons stated above, the Court will **DENY** Defendants' motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction ([ECF No. 10](#)) and will transfer this case to the United States District Court of the Virgin Islands.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EDWARD R. FLYNN and KAREN FLYNN, Plaintiffs, v. HOVENSA, LLC, HESS CORP., HESS OIL VIRGIN ISLANDS CORP., and PDVSA, V.I. INC. Defendants. | CIVIL ACTION NO. 3:14-43 JUDGE KIM R. GIBSON |
|---|---|

## ORDER

**And now,** this 3rd day of July, 2014, upon consideration of the motions currently pending before the Court and for the reasons set forth in the foregoing Memorandum,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' omnibus motion (ECF No. 13) is **DENIED** in part and **GRANTED** in part. Plaintiffs' motion (1) for limited discovery; (2) to stay Defendants' motion to dismiss; and (3) to refer the matter to a magistrate judge for mediation is **DENIED**. Plaintiffs' motion to transfer (ECF No. 13 ¶ 15) is **GRANTED**. Accordingly, this matter is transferred to the United States District Court of the Virgin Islands, pursuant to 28 U.S.C. § 1406(a).

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE